UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| ROBERT STEPHEN RICHARDS, **Plaintiff,** V. CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, **Defendant.** | CIVIL ACTION NO. 5:13-339-KKC <br><br> **OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment. (DE 11 & 12). The plaintiff, Robert Stephen Richards, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial relief of an administrative decision of the Commissioner of Social Security denying his claim for Social Security Disability Insurance Benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by the proper legal standards.

## I. OVERVIEW OF THE PROCESS

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)(4); *see also Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (describing the administrative process). The five steps, in summary, are as follows:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

> 2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers*, 582 F.3d at 652 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 404.1520(b)–(g)).

The claimant bears the burden of proof through the first four steps of the analysis; but if the ALJ reaches the fifth step without finding the claimant disabled, then the burden shifts to the Commissioner. *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The Commissioner satisfies the burden of proof at the fifth step by finding that the claimant is qualified for—and capable of performing—jobs that are available in the national economy and may rely upon the testimony of a vocational expert ("VE") regarding the range of potential jobs. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423, 425 (6th Cir. 2008).

## II. PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Richards filed his claim for DIB on November 16, 2010, alleging an onset date of August 5, 2010. [TR 140]. The agency denied his application initially and on reconsideration. [TR 73, 78]. Richards requested review by an ALJ, and a hearing was held on June 14, 2012. [TR 27–45]. The ALJ subsequently issued an unfavorable decision on July 17, 2012. [TR 10–22].

At the time the ALJ rendered his decision, Richards was thirty-nine years old. [TR 20]. Richards graduated from high school and has past relevant work as an emergency medical technician ("EMT") and emergency room technician ("ER Tech"). [TR 20, 168]. He alleges disability due to constant pain in the upper lumbar and lower thoracic areas; Crohn's disease; and blurred vision, pain, redness, and burning. [TR 16, 18]. Richards's insured status expires on December 31, 2015. [TR 15].

First, the ALJ determined that Richards has not engaged in substantial gainful activity since his alleged onset date of August 5, 2010. [TR 15]. Second, the ALJ found that Richards suffers from the following severe impairments: obesity, ankylosing spondylitis, chronic back strain, and Crohn's disease. [TR 15]. Third, the ALJ determined that Richards does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [TR 17].

Next, the ALJ reviewed the record to determine Richards's residual functional capacity ("RFC"). RFC assesses a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In finding Richards's RFC, the ALJ considered all symptoms in light of the objective medical evidence and other relevant evidence, including the following: (i) daily activities; (ii) location, duration, frequency, and intensity of symptoms; (iii) precipitating and aggravating factors; (iv) type, dosage, effectiveness, and side effects of any medication; (v) additional treatment; (vi) additional measures used to relieve symptoms; and (vii) other factors concerning functional limitations and restrictions due to symptoms. 20 C.F.R. § 404.1529. After reviewing all of the evidence, the ALJ determined that Richards has the RFC to perform light work, with the following limitations: never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs,

stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to excessive vibration. [TR 17].

After establishing Richards's RFC, the ALJ continued to the fourth step. The ALJ asked the VE whether a hypothetical individual with Richards's vocational factors and RFC could work as an EMT or ER Tech. [TR 42]. The VE testified that this hypothetical individual could not perform any past relevant work. [TR 20]. Thus, the ALJ moved to the fifth step. The ALJ asked if this hypothetical individual could make an adjustment to other work and the VE noted that this hypothetical individual could perform a number of unskilled and sedentary jobs, including mailroom clerk, information clerk, fast food worker, order clerk, and assembler. [TR 42–43]. Therefore, the ALJ found Richards not disabled. [TR 21–22].

The ALJ's decision that Richards is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied Richards's request for review on July 17, 2012. [TR 1–2]. Richards has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be affirmed unless the ALJ applied the incorrect legal standards or the ALJ's findings are not supported by substantial evidence. *Lindsley v. Comm. of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In reviewing the decision of the Commissioner, courts should not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See Lindsley*, 560 F.3d at 604–05. Courts must look at the record as a whole, and "[t]he court 'may not focus and base [its] decision entirely on a single piece of evidence, and disregard other pertinent evidence.'" *Sias v. Sec.*

*of H.H.S.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988) (alteration in original) (quoting *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978)). Rather, courts must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court may have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

**IV. ANALYSIS**

On appeal, Richards presents two issues for review. First, he argues that the ALJ erred in relying on a non-examining physician while failing to provide adequate reasons for discounting the opinions of Richards's treating and examining physicians. Second, he asserts that the ALJ erred because the ALJ's hypothetical worker did not include any limitations associated with Crohn's disease.

*1. The ALJ did not err in relying upon a non-examining physician's conclusions.*

The ALJ is required to "evaluate every medical opinion" in the record. *See* 20 C.F.R. § 404.1527(d). Not all medical opinions, however, are treated equally. The opinions of treating physicians, "medical professionals most able to provide a detailed, longitudinal picture," are *generally* afforded the greatest deference. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. § 404.1527(d)(2)). But "[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." *Blakley*, 581 F.3d at 406 (quoting SSR 96-2p, 1996 WL 374188 (July 2, 1996)). The ALJ can reject the opinion of the treating physician "if good reasons are identified for not accepting it." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993); *see also Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) (en banc) (holding that an ALJ may reject the opinion of a

5

treating physician if the treating physician's opinion is divorced from supporting objective evidence).

The first physician, Dr. Gregg, did not treat or examine Richards. Dr. Gregg did, however, review Richards's medical records dating from the alleged disability onset date, August 5, 2010. [TR 59–61]. Dr. Gregg then compared Richards's claimed limitations with the objective evidence in Richards's medical records, including doctors' notes and observations; x-rays; medications; and additional test results. [TR 64–65]. Based upon Dr. Gregg's review of Richards's medical records and claimed ailments, Dr. Gregg concluded that Richards has the RFC to lift and carry twenty pounds occasionally, ten pounds frequently; stand and walk for about six hours during an eight hour workday; sit for about six hours during an eight hour workday; an unlimited ability to push or pull controls, provided the level of exertion remained within the lift and carry limitations; frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. [TR 64–65].

The second physician, Dr. Bilkey, examined Richards once. [TR 535]. Dr. Bilkey found that Richards suffered from chronic lower back pain, ankylosing spondylitis, and Crohn's disease. [TR 536]. Dr. Bilkey then concluded that Richards has the RFC to lift and carry fifteen pounds occasionally; stand and walk for about three hours during an eight hour workday; sit for about three hours during an eight hour workday; and occasionally stoop, crouch, kneel, and crawl. [TR 537–38].

The third physician, Dr. Schneider, is Richards treating physician. Dr. Bilkey sent Dr. Schneider his medical opinion and corresponding exam notes for Dr. Schneider to review. After reviewing Dr. Bilkey's materials, Dr. Schneider completed a medical questionnaire. The medical questionnaire was a check-box form that asked five yes-or-no questions, and

Dr. Schneider indicated on the form that she reviewed Dr. Bilkey's materials, she agreed with Dr. Bilkey's conclusions, and it was her opinion that Richards could not maintain work for eight hours a day, five days a week. [TR 600]. But Dr. Schneider did not expound upon any of these conclusions, connect her conclusions with objective medical evidence, or distinguish this conclusion from her previous treatment of Richards. *See Norris v. Comm'r of Soc. Sec.*, 461 Fed. App'x 433, 439 (6th Cir. 2012) (noting factors an ALJ should use in determining the appropriate weight to be assigned to a source opinion).

The ALJ afforded great weight to Dr. Gregg's opinion, but gave little weight to Dr. Bilkey's and Dr. Schneider's opinions. [TR 19–20]. The ALJ discounted Dr. Bilkey's assessment because his "limits are inconsistent with the objective medical evidence of record" and "his report includes no objective findings," and the ALJ rejected Dr. Schneider's conclusions because she "fail[ed] to tie the objective evidence regarding the claimant's medical condition to the functional limitations in Dr. Bilkey's opinion." [TR 19]. Because the opinions of Dr. Bilkey and Dr. Schneider lacked supporting objective evidence, the ALJ did not err in discounting their conclusions. *See Combs*, 459 F.3d at 652.

Though Dr. Gregg's opinion is not entitled to the special deference afforded to treating physicians, the ALJ noted that he "g[a]ve[] great weight to this assessment because it is consistent with the overall evidence in the record." [TR 20]. Physician statements that are supported by objective medical evidence and consistent with the record as a whole merit more weight. 20 C.F.R. § 404.1527(c)(3)–(4). The ALJ noted his reasons for concurring with Dr. Gregg's conclusions and for discounting the opinions of Dr. Bilkey and Dr. Schneider. *See Norris*, 461 Fed. App'x at 440 (determining that the ALJ must provide his reasons for crediting and discrediting certain medical opinions but that the ALJ need not provide a verbose rationale). Accordingly, the ALJ did not err in assigning great weight to Dr. Gregg's

opinion. *See id.* at 439–40 (holding that an ALJ's decision to credit the opinion of a state-agency physician over other medical opinions is appropriate if the ALJ determines that the state-agency physician's opinion is more consistent with the overall record).

*2. The ALJ's hypothetical worker included all of Richards's limitations.*

Once an ALJ reaches the fifth step in the five-step process, the burden shifts to the Commissioner to prove that the claimant can perform other work and that the alternate jobs exist in significant numbers in the economy. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The Commissioner may rely upon a VE's answers to hypothetical questions to satisfy this burden, but the hypothetical questions must "accurately describe[] the plaintiff in all significant, relevant respects." *Id.* The ALJ—through examination of the record and the plaintiff's credibility—conclusively determines the significant, relevant traits. *Id.*

The ALJ's first hypothetical assumed the RFC that Richards could perform light work with some limitations. [TR 42]. In response to the ALJ's first hypothetical, the VE testified that there were numerous jobs that Richards could still perform and that there were 4,249,000 of these jobs in the nation and 289,400 in the region. [TR 42–43]. The ALJ then changed the hypothetical. The second hypothetical assumed an individual who could "lift a maximum of 15 pounds occasionally; during an eight hour day can stand and/or walk for three hours; and sit for three hours." [TR 43]. The VE noted that such an individual would be precluded from all jobs. Richards's counsel then asked the VE a hypothetical question about an individual who "had to leave a half [a] day of work at least one day a week." [TR 43]. The VE noted that such an individual would struggle to maintain employment. [TR 43].

Richards asserts that the ALJ erred in not considering his Crohn's disease when proposing hypothetical questions to the VE. Richards claims that his counsel's hypothetical most accurately match the symptoms of his Crohn's diease; however, the ALJ specifically

8

found Richards's testimony about his Crohn's disease "not fully credible." [TR 19]. The ALJ explained that:

> [Richards] testified that his Crohn's disease is disabling; however, he has received minimal treatment for it. He was prescribed medication for it, but did not want to take it. He told his treating physician's assistant that he experiences three to four flare-ups a year, which are relieved by course of oral steroids.

[TR 19]. Based upon this credibility determination, the ALJ concluded that Richards's Crohn's disease was not a "significant, relevant" detail to include in a hypothetical question. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (noting that it is appropriate for an ALJ to omit symptoms from hypothetical questions that the ALJ does not find credible).

## V. CONCLUSION

For the reasons set forth above, the Court hereby **ORDERS** as follows:

1. Plaintiff's motion for summary judgment (DE 11) is **DENIED**;

2. The Commissioner's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment consistent with this Opinion & Order will be entered contemporaneously.

Dated this 3rd day of November, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY